Steven M. Feldman
Harris A. Wolin
**Myers Wolin, LLC**
225 Broadway Suite 2400
New York, New York 10007
Email: litigation@myerswolin.com
Attorneys for Plaintiff
The Federation of Bangladeshi Associations In
North America, Inc. D/B/A FOBANA®

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FEDERATION OF BANGLADESHI ASSOCIATIONS IN NORTH AMERICA INC D/B/A FOBANA® a District of Columbia Corporation<br><br>    Plaintiff,<br><br>v.<br><br>BANGLADESHI AMERICAN FRIENDSHIP SOCIETY OF NEW YORK INC., a New York Corporation, SHAH NAWAZ, an individual, FIROZ AHMED, an individual, MOHAMMAD HOSSAIN KHAN, an individual, KAZI SAKAWAT HOSSAIN AZAM, an individual, MOHAMED ALI IMAM SIKDER, and individual ATIQUR RAHMAN EUSUFAZI, an individual, XYZ Corporations 1-10, fictitious entities and John Does 1-10 fictious individuals.<br><br>    Defendants. | Civil Case No. _____<br><br>Civil Action<br><br>**COMPLAINT,<br>DESIGNATION OF TRIAL COUNSEL<br>AND JURY DEMAND**<br>*Document Electronically Filed* |

  Plaintiff, The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA®(herein after collectively "FOBANA®") by way of Complaint for Damages against Defendants Bangladeshi American Friendship Society Of New York, Inc., Shah Nawaz, Firoz Ahmed, Mohammad Hossain Khan, Kazi Sakawat Hossain Azam, Mohamed Ali Imam Sikder,

Atiqur Rahman Eusufazi, XYZ Corporations 1-10, fictitious entities and John Does 1-10 fictious individuals (collectively hereinafter referred "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action by FOBANA® for trademark infringement of United States Trademark Registration No. 3,435,038 (the "Registration" or "Trademark"), a copy of the Registration is attached hereto as Exhibit A, unfair competition, tortious interference and individual liability.

2. FOBANA® seeks an injunction order against Defendants to stop the use of the Trademark.

3. In addition, Plaintiff seeks damages caused by each claim, including but not limited to permanent injunction, compensatory damages, enhanced damages, costs, expenses, reasonable attorneys' fees, pre-judgment interest, and post-judgment interest.

## THE PARTIES

4. The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® is a District of Columbia corporation with a place of business at 218-14 Hempstead Ave, Queens Village, NY 11429.

5. On information and belief, Bangladeshi American Friendship Society Of New York Inc, is a New York Corporation located in New York. It actively, and knowingly, engages in carrying out the wrongful acts alleged herein.

6. On information and belief, Shah Nawaz is Convener for Defendant Bangladeshi American Friendship Society Of New York Inc and resides at 71-16 35th Avenue, Jackson Heights, NY 11372. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

7. On information and belief, Firoz Ahmed is the Member Secretary for Defendant Bangladeshi American Friendship Society Of New York Inc and resides at 404 Westminster Road Brooklyn, NY 11218. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

8. On information and belief, Mohammad Hossain Khan is the Chairman of the Steering Committee for Defendant Bangladeshi American Friendship Society Of New York Inc. and resides at 94-36, 238 Street, Floral Park, NY 10462. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

9. On information and belief, Kazi Sakawat Hossain Azam is the General Secretary for Defendant Bangladeshi American Friendship Society Of New York Inc. and resides at 1105 Dorchester Road, Brooklyn, NY 11218. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

10. On information and belief, Mohamed Ali Imam Sikder is the Chairperson of the Reception Committee for Defendant Bangladeshi American Friendship Society Of New York Inc. and resides at 844 42 Street, Apt#2, Brooklyn, NY 11232. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

11. On information and belief, Atiqur Rahman Eusufazi is associated with Defendant Bangladeshi American Friendship Society Of New York Inc. and resides at 219 Autumn Street, Apt. # 2, Passaic, NJ 07055. He actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

12. XYZ Corporations 1-10 are fictitious entities that are complicit or assisted Defendant Bangladeshi American Friendship Society Of New York Inc. with its infringement

and damages against FOBANA®. They actively, and knowingly engage in carrying out the wrongful acts alleged herein.

13. John Does 1-10 are fictious individuals who are associated with Defendant Bangladeshi American Friendship Society Of New York Inc. and assisted it with its infringement and damages against Plaintiff. They actively, knowingly, and personally engage in carrying out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

14. This is an action for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, Title 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), and for trademark infringement, unfair competition, and tortious interference under the laws of the State of New York.

15. This Court has original jurisdiction over the subject matter of this action under the trademark laws of the United States, 15 U.S.C. § 1121 and under the Judicial Code of the United States, 28 U.S.C. §1331 and §1338(b).

16. This Court has supplemental jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367.

17. This Court also has personal jurisdiction over defendants Shah Nawaz, Firoz Ahmed, Mohammad Hossain Khan, Kazi Sakawat Hossain Azam, Mohamed Ali Imam Sikder, Atiqur Rahman Eusufazi, Shah Nawaz, XYZ Corporations 1-10, and John Does 1-10 based on, inter alia, their continuous and systematic contacts with the State of New York, including the planning and execution of the "Fobana Convention 2019" located in the State of New York during the time that Defendants engaged in their unlawful misconduct as alleged herein.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (d) because Defendants were located in this District during a substantial time that Defendants engaged in their misconduct herein, defendants Bangladeshi American Friendship Society of New York Inc., conducted business in this District, a substantial part of the events giving rise to the claim occurred in this District and several of the defendants reside in New York.

## BACKGROUND

19. The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® is a not-for-profit corporation created to, among other things, strengthen ties between North America and Bangladesh.

20. On May 27, 2008, The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® received a registration for the trademark FOBANA® and has used the trademark continuously in commerce.

21. On March 30, 2009, defendant Mohamed Ali Imam Sikder instituted a cancelation action before the United States Patent and Trademark Office to cancel the Registration.

22. On July 17, 2009, the Patent and Trademark Office dismissed Mr. Skider's cancelation petition finding it failed to state a claim upon which relief could be granted.

23. On June 14, 2013, the Patent and Trademark Office granted incontestability to the FOBANA trademark.

24. The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® has given permission and licensed the Registration to its Host Committee.

25. The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® is hosting a convention in New York on August 30, 31, and September 1, 2019 located in Long Island, New York, entitled "33rd FOBABA Convention 2019."

26. The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® has held this convention every year in different states around the United States for 33 years.

27. On information and belief, Defendants have created and scheduled a competing convention entitled "Fobana Convention 33rd Fobanna Convention 2019" to take place on August 30, 31, and September 1, 2019, located in New York.

28. At no time has The Federation of Bangladeshi Associations In North America, Inc. D/B/A FOBANA® granted Defendants permission or a license to use the registered trademark.

29. Defendants have not held this convention for 33 years.

30. Upon information and belief, Defendants' organization was created in 2018.

31. FOBANA® learned of Defendants' illegal use of the trademark and unfair competition by Defendants when its sponsors refused to sponsor the convention due to confusion.

32. On January 7, 2019, Plaintiff sent a cease and desist letter to Bangladeshi American Friendship Society Of New York Inc. demanding it cease its illegal use of the Trademark and immediately remove all reference to "FOBANA" from Defendants' advertising materials.

33. Defendants ignored this request.

34. Thereafter, Defendants actively contacted at least two of Plaintiff's sponsors to request that the sponsors cease supporting Plaintiff and provide funds to Defendants' events.

35. In addition, at least six sponsors have indicated that they are confused regarding the "true FOBANA" and are concerned that they are not supporting the "official" FOBANA.

36. On May 15, 2019, Plaintiff send a second cease and desist letter to the Defendants which was also ignored.

37. Defendants' use of "Convention 33rd Fobana" is confusing to Plaintiff's members, associations and sponsors because Defendants are not entitled to use the "FOBANA" trademark and have not had 33 conventions.

38. Only Plaintiff is permitted to use the Trademark and has organized 33 consecutive conventions.

39. Defendants' use of the FOBANA trademark is creating significant damage to Plaintiff and its ability to retain existing sponsors and to attract additional sponsors and attendees for its convention.

40. Moreover, Shah Nawaz, Firoz Ahmed, Mohammad Hossain Khan, Kazi Sakawat Hossain Azam, Mohamed Ali Imam Sikder, Atiqur Rahman Eusufazi, and John Does 1-10, acting in their individual capacities, knowingly encourage and assist Bangladeshi American Friendship Society Of New York Inc. with its damages against Plaintiff.

41. Plaintiff has been and continues to be irreparably damaged by Defendants' illegal actions.

42. Plaintiff requests that the Court issue a preliminary injunction barring Defendants from continuing their illegal actions.

## COUNT ONE
## (Federal Trademark Infringement)

43. Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth at length full herein.

44. Plaintiff owns and registered the FOBANA trademark on the Principal Register of the United States Patent and Trademark Office (hereinafter "USPTO") as described above.

45. By virtue of its registration with the USPTO, Plaintiff's mark is entitled to protection under the Trademark Act, 15 U.S.C. §§ 1051, et seq.

46. As described above, Defendants have knowingly engaged in a scheme that misleads the public and sponsors into believing that Plaintiff sponsors, promotes or authorizes Defendants' services and organization.

47. Plaintiff has never authorized Defendants to use Plaintiff's Trademark in association with Defendants' organization.

48. Defendants' continued unauthorized uses of the Trademark constitute willful and knowing infringement, contributory infringement and/or vicarious infringement of Plaintiff's registered trademark in violation of 15 U.S.C. § 1125.

49. By reason of Defendants' unfair competition or inducement of others to compete unfairly or continued unauthorized use of Plaintiff's mark in a manner which they know competes unfairly with Plaintiff, Plaintiff is suffering and will continue to suffer irreparable harm and, unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

50. In addition to an injunction, Plaintiff is entitled to profits, damages and costs as provided by law, including treble damages and attorneys' fees in an amount to be determined at trial.

## COUNT TWO
### (Unfair Competition)

51. Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth at length full herein.

52. The acts of Defendants constitute misappropriation, use of a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendants have acted with the intention of causing confusion, mistake and deception, and of misappropriation of the goodwill associated with Plaintiff's trademarks and to profit thereby to the detriment of Plaintiff.

54. By reason of Defendants' unfair competition or inducement of others to compete unfairly, or continued unauthorized use of Plaintiff's marks in a manner which they know competes unfairly with Plaintiff, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

55. In addition to an injunction, Plaintiff is entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

## COUNT THREE
### (New York Common Law Trademark Infringement)

56. Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth at length full herein.

57. Defendants' wrongful conduct as alleged herein, constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

58. Plaintiff has been injured in its business, property, and reputation, and such injury is irreparable as a result of Defendants' unlawful and infringing actions which were intentional, malicious and willful.

59. By reason of Defendants' unfair competition or inducement of others to compete unfairly, or continued unauthorized use of Plaintiff's mark in a manner which they know competes unfairly with Plaintiff, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

60. In addition to an injunction, Plaintiff is entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

## COUNT FOUR
## UNFAIR COMPETITION
### (N.Y. Gen. Bus. Law. § 349)

61. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

62. Defendants unlawfully used the FOBANA® trademark for their own purpose and adversely to the interests of Plaintiff and its business venture. By unlawfully using the

FOBANA® trademark and causing actual confusion in the market, Defendants interfered with Plaintiff's business, and Defendants' unlawful actions constitute unlawful, unfair, and fraudulent business practices in violation of N.Y. Gen. Bus. Law. § 349.

63. As a direct result of said deceptive conduct, Plaintiff has sustained and is likely to continue to sustain damages.

64. Plaintiff is entitled to exemplary and punitive damages by reason of Defendants' willful, reckless, deliberate and intentional conduct.

65. As a result of Defendants' wrongful acts, Plaintiff has incurred and will continue to incur damage.

### COUNT FIVE
### (Tortious Interference with Existing and Prospective Economic Relations)

66. Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth at length full herein.

67. Plaintiff has a reasonable expectation of business activity and economic advantage derived from current and prospective sponsors as a result of the goodwill and reputation associated with the Trademark.

68. Defendants' bad faith use of the Trademark, and their infringing and unlawful use of the Trademark constitute intentional, malicious and/or an improper interference with and disruption of Plaintiff's established business relationships and prospective economic advantage, without privilege or lawful justification.

69. Plaintiff has been injured in its business, property, and reputation, and such injury also is irreparable as a result of Defendants' unlawful, fraudulent and infringing actions as alleged herein, which were intentional, malicious, and willful.

70. By reason of Defendants' unfair competition or inducement of others to compete unfairly, or continued unauthorized use of Plaintiff's trademark in a manner which they know competes unfairly with Plaintiff, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

71. In addition to an injunction, Plaintiff is entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

**COUNT SIX**
**(Individual Liability)**

72. Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth at length full herein.

73. Upon information and belief, Defendants Shah Nawaz, Firoz Ahmed, Mohammad Hossain Khan, Kazi Sakawat Hossain Azam, Mohamed Ali Imam Sikder, Atiqur Rahman Eusufazi, and John Does 1-10 ("Individual Defendants") are officers, directors and/or founders of Bangladeshi American Friendship Society Of New York Inc., and they exercise complete dominion and control over Bangladeshi American Friendship Society Of New York Inc.

74. Individual Defendants, in their individual capacity, and on behalf of Bangladeshi American Friendship Society Of New York Inc., knowingly and significantly participated in the unlawful, infringing and tortious conduct alleged herein, including the bad faith use of the FOBANA® Trademark, the management of the day-to-day operations of Bangladeshi American Friendship Society Of New York Inc., and the infringing and unlawful conduct.

75. Individual Defendants are personally liable because they abused the privilege of doing business in the corporate forum for their controlled entity to perpetrate unlawful acts against Plaintiff and treated Bangladeshi American Friendship Society Of New York Inc., as their alter ego in order to facilitate and effectuate the unlawful conduct alleged herein.

76. Defendant Bangladeshi American Friendship Society Of New York Inc., is the alter ego of the Individual Defendants and together they form a single personality for liability purposes.

77. Defendants' actions should result in the piercing of Bangladeshi American Friendship Society Of New York Inc.'s corporate veil and corporate existence, thereby resulting in Individual Defendants' individual and personal liability for the claims asserted herein.

78. Plaintiff has been injured in its business, property, and reputation, and such injury also is irreparable as a result of Individual Defendants' unlawful, fraudulent and infringing actions as alleged herein, which were intentional, malicious, and willful.

79. By reason of Defendants' unfair competition or inducement of others to compete unfairly, or continued unauthorized use of Plaintiff's trademark in a manner which Defendants know competes unfairly with Plaintiff, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

80. In addition to an injunction, Plaintiff is entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A. Declaring that Defendants have infringed Plaintiff's trademark;

B. Preliminarily and permanently enjoining and restraining Defendants, their officers, agents, employees, and attorneys and all those in acting in concert with them from utilizing or depicting Plaintiff's Trademark any medium;

C. Awarding Plaintiff treble damages as provided by Section 35(a) of the Lanham Act and New York law;

D. Awarding Plaintiff an amount determined at trial for Defendants' unfair competition under the Lanham Act and treble damages pursuant to 15 U.S.C. 1117;

E. Awarding Plaintiff an amount determined at trial for Defendants' unfair competition under the NY General Business Law and treble damages under NY GBL § 349(h);

F. Awarding Plaintiff punitive damages in an amount to be determined;

G. Awarding Plaintiff all costs, expenses, disbursements, and reasonable attorneys' fees incurred by Plaintiff in this action;

H. Awarding Plaintiff pre-judgment and post-judgment interest; and

I. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury on all issues in this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Harris A. Wolin, Esq. as trial counsel.

**MYERS WOLIN, LLC**

Dated: June 7, 2019   By: s/ Steven M. Feldman
        Steven M. Feldman
        Harris A. Wolin
        **Myers Wolin, LLC**
        225 Broadway Suite 2400
        New York, New York 10007
        Email: harris.wolin@myerswolin.com
        Attorneys for Plaintiff
        The Federation of Bangladeshi Associations
        In North America, Inc. D/B/A FOBANA®

# Exhibit A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

United States Patent and Trademark Office

Reg. No. 3,435,038
Registered May 27, 2008

SERVICE MARK
PRINCIPAL REGISTER

# FOBANA

FEDERATION OF BANGLADESHI ASSOCIATIONS IN NORTH AMERICA (D.C. CORPORATION)
7816 PAINTED DAISY DRIVE
SPRINGFIELD, VA 22152

FOR: ACCEPTING AND ADMINISTERING MONETARY CHARITABLE CONTRIBUTIONS; CHARITABLE FUND RAISING TO PROMOTE AND UPHOLD THE INTEREST OF THE BANGLADESHI COMMUNITY IN NORTH AMERICA, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-31-1987; IN COMMERCE 10-31-1987.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-282,020, FILED 9-18-2007.

ROBERT STRUCK, EXAMINING ATTORNEY